**Brad A. TIDIK, Plaintiff–Appellant,**

v.

**COURT OF APPEALS JUDGES OF MICHIGAN, Defendant–Appellee.**

**No. 01–2322.**

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.*

Brad A. Tidik, a Michigan litigant proceeding pro se, appeals a district court

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

order dismissing Tidik's request for certification to file an action against the Michigan Court of Appeals. Tidik had been ordered in 1996 and again in 1997 to "seek leave and written permission from [the district] court before instituting any complaint" relating to matters regarding his 1995 divorce action or any post-divorce proceedings. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tidik filed an action in the district court in May 1999, case no. 99–72434, alleging under 42 U.S.C. § 1983, that judges for the Michigan Court of Appeals had violated his civil rights by their finding that he failed to establish that he was indigent and their refusal to waive the fees and costs attendant with the numerous appeals he had filed. The case was assigned to Judge Gerald E. Rosen, who, after accepting Tidik's certification that the action was not barred by the 1996 and 1997 orders, issued a memorandum opinion and order dismissing Tidik's case.

In the instant action, Tidik has claimed the same violations against the same defendants. The district court determined that the issues presented had been raised and determined against Tidik in previous actions and dismissed the action based on the doctrine of res judicata. Reconsideration was denied. This appeal followed.

Upon de novo review, *see Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992), we conclude that the four elements of res judicata have been established. First, a final decision was rendered on the merits in the first action by a court of competent jurisdiction. The Honorable Judge Gerald E. Rosen dismissed the prior action, case no. 99–72434, on the merits. Second, the in-

stant action involves the same parties or their privies as the first. Third, the second action raises issues actually litigated or which should have been litigated in the first action. In this action, Tidik has claimed the same violations against the same defendants. And, fourth, there is an identity of the causes of action. *Id.* Thus, the allegations in Tidik's current complaint are barred by the doctrine of res judicata and should not be considered on the merits by this court, on appeal.

Accordingly, the district court's order of dismissal is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.